UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBERT JAMES SWINT, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | No. 24-5278 (KMW-EAP) |
| BOEING, *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

THIS MATTER comes before the Court by way of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Application, Plaintiff declares that his monthly income is $1,256.24 and his expenses total to $1,350.00 monthly. IFP Application ¶¶ 1, 8. Plaintiff receives public assistance and disability, does not have other liquid assets, nor does he have a spouse to contribute income or share in expenses, ¶¶ 1-8; and

THE COURT FINDING that because Plaintiff's monthly expenses exceed his income, the Court grants the IFP Application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed for failing to state a claim.

While the Court has the obligation to construe a *pro se* litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[P]ro se litigants still must allege

sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted).

Here, the Court notes that Plaintiff broadly alleges that the various Defendants are "tortur[ing]" and "defrauding the government/people" and are engaged in money laundering. However, the allegations do not provide any details—the who, what, where, when, or how—necessary for the Court to ascertain any specific claims that could be cognizable and redressed by a court. Moreover, he does not cite to any federal law or statute to direct the Court to a legal wrong or assist the Court in determining whether jurisdiction is proper.

THEREFORE, the Court finds that Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. Rule 8(a).[1] Thus, the Complaint does not state a claim upon which relief can be granted.

IT IS this 31 day of **May, 2024** hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 (ECF No. 1) is hereby GRANTED; and it is

**ORDERED** that Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

**FURTHER ORDERED** that Plaintiff is granted leave to amend his Complaint to address the deficiencies noted herein within 30 days of issuance of this Order; and

---

[1] Rule 8(a) provides, in pertinent part:
Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

**FURTHER ORDERED** that if Plaintiff does not amend his Complaint within 30 days, the Clerk is directed to close the case without further Order from the Court; and

**FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs by regular U.S. mail.

Hon. Karen M. Williams,
United States District Judge